George Hoertz, et al. *v.* H. E. Marrett, et al.

[Abstract Kentucky Law Reporter, Vol. 5—698.]

**Fraud by False Representations.**

> The defense of fraud by false representation made to a suit on promissory notes is not well pleaded where defendants who executed the notes do not allege that they were ignorant of the condition of the title to real estate for which the notes were given, and that they had been imposed on and induced to accept the deed by the fraudulent representations of the vendor.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 23, 1884.

Opinion by Judge Hargis:

The appellants executed their notes and accepted a general warranty deed for the lots described in it.  Their defense to an action by the assignees of the vendor upon the notes is defect of title and

consequent failure of consideration. The general allegation of fraud is destroyed by the statement of facts made in the subsequent parts of the answer. The appellants do not allege that they were ignorant of the condition of the title and had been imposed on and induced to accept the deed by the fraudulent representations of the vendor. Nor do they ask or wish a rescission. For aught that appears in their answer they knew as much about the title when they accepted the deed as they do now. They could not, therefore, have been misled and must be presumed to have relied upon the warranty in the deed, and as there has been no judicial eviction, and no insolvency, nonresidency or other equitable ground for anticipative relief alleged we can not see upon what ground the answer could be maintained on demurrer. It presented no defense. The appellants are in possession and they may never be disturbed. Suit by those who may be survivors under Marrett's will may be postponed until the appellants shall be secure by lapse of time. *Simpson v. Hawkins*, 1 Dana (Ky.) 303. As the answer presented no defense, even if they be right in their construction of the clause of the will relative to survivors, it is unnecessary to determine the meaning of that clause. The case of *Bayless v. Prescott*, 79 Ky. 252, 2 Ky. L. 262, bears upon the question whether the grandchildren are included in the term "survivors", but as the question is not necessarily presented by the answer we refrain from its discussion.

Judgment *affirmed*.

*Harrison & McGrain, for appellants.*

*W. R. Abbott, Thos. & John Speed, for appellees.*